IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JERALD JOVAN HOWARD,

    Plaintiff,
v.                                              CASE NO. 5:16-cv-127-MP-GRJ

DR. FRANCIS ONG, and
K. MACHUCA, RN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper by separate order. Plaintiff has filed a First Amended Complaint, ECF No. 18, which is before the Court for screening pursuant to 28 U.S.C. § 1915(e). Section 1915(e)(2) provides that the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Complaint stems from the medical care that Plaintiff has received during his incarceration. Plaintiff alleges that while he was confined at Gulf CI, he injured his finger on his bunk. A nurse at Gulf CI, identified as K. Machuca, RN, in the First Amended Complaint, provided

him with a "stencil" to place on the finger[1] and ibuprofen that same day. Although Plaintiff was told he would be placed on call-out for an x-ray and further evaluation, he was not seen again for three weeks. After complaining of pain, Plaintiff was again seen by Machuca, who placed him on call-out. Plaintiff was evaluated by a physician three or four days later, who diagnosed a fractured and dislocated left ring finger. Plaintiff was transferred to RMC Lake Butler.

Defendant Dr. Francis Ong treated Plaintiff at Lake Butler. Dr. Ong performed surgery on Plaintiff in January 2014, which Plaintiff alleges was "unsuccessful." Following surgery, Plaintiff received ibuprofen and prescription pain medication. Plaintiff alleges that he continued to experience pain, for which he declared a mental health emergency. Plaintiff received a pass for restricted activity and lower bunk. He was transferred back to Gulf CI. He received follow-up care at Gulf, including further x-rays. After filing grievances, Plaintiff was returned to Lake Butler for specialized care.

Dr. Ong performed a second surgery, following which Plaintiff was treated with ibuprofen and prescription pain medication. Plaintiff received

---

[1] Based on the allegations, it appears that Plaintiff is referring to a "splint".

follow-up treatment by Dr. Ong and other providers at Lake Butler. Plaintiff was diagnosed with healed fracture and dislocation with deformity of the finger as well as posttraumatic osteoarthritis. He was told by a physical therapy specialist that there was not much further that could be done for his finger and that an additional surgery might be necessary. Plaintiff alleges that Defendants Machuca and Ong, through deliberate indifference, caused Plaintiff to be exposed to unnecessary pain and suffering. ECF No. 18.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical

need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Assuming that Plaintiff's condition amounts to a serious medical need under the Eighth Amendment, he has failed to allege facts showing that Defendants were deliberately indifferent to his needs.  Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*,

941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

   Plaintiff's allegations show that Dr. Ong provided treatment for Plaintiff's condition after Plaintiff was referred to Lake Butler for specialized care.  There are no facts showing that Dr. Ong was deliberately indifferent to Plaintiff's serious medical need such that his treatment amounted to a constitutional violation.  To the extent that Plaintiff contends Dr. Ong's care was unreasonable, such a claim is one of mere negligence, not deliberate

indifference, and negligence claims are not cognizable under section 1983.

With respect to Nurse Machuca, while delay of care may amount to deliberate indifference under appropriate circumstances, Plaintiff has alleged no facts showing that Machuca had subjective knowledge of a risk of serious harm to Plaintiff with respect to the three-week delay in seeing a physician for the broken finger, that Defendant knowingly disregarded that risk, and that Defendant's actions amounted to more than mere negligence regarding Plaintiff's injury.  Although Plaintiff appears to contend that Defendant should have done more for him, the facts alleged show that Machuca provided him with a splint and pain medication, and placed him on the call-out list.  Further, Plaintiff has alleged no facts showing that there is a causal connection between Machuca's actions and the harm he allegedly suffered.  Plaintiff alleges that he was later taken off of the call-out list, but there are no factual allegations suggesting that Machuca was responsible for removing Plaintiff from the call-out list, or that doing so amounted to deliberate indifference under the circumstances.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

**IN CHAMBERS** this 12th day of January 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.